CASPER COMMUNITY COLLEGE DIS-TRICT, State of Wyoming, a body corporate, Appellant (Plaintiff below),

v.

NATRONA COUNTY HIGH SCHOOL DIS-TRICT, a body corporate Appellee (Defendant below).

NATRONA COUNTY HIGH SCHOOL DIS-TRICT, a body corporate, Appellant (Defendant below),

v.

CASPER COMMUNITY COLLEGE DIS-TRICT, State of Wyoming, a body corporate, Appellee (Plaintiff below).

Nos. 3181, 3182.

Supreme Court of Wyoming.

Aug. 6, 1963.

Robert R. Rose, Jr., William H. Brown, Jr., Casper, for appellant.

Ernest Wilkerson, Casper, for appellee.

Before PARKER, C. J., and HARNS-BERGER and McINTYRE, JJ.

Mr. Justice HARNSBERGER delivered the opinion of the court.

Proceeding under authority of § 21–446, W.S.1957, as it appeared prior to its amendment by ch. 223, S.L. of Wyoming, 1961, a proper petition was presented to Natrona County High School Board for organization of a community college district within boundaries coterminous with those of the High School District. The board called an election to determine whether the community college district should be established, for the election of its trustees, and the levying of a special mill tax. Included within the proposed community college district were several school districts. Under express provision of § 21–446(e):

" * * * Only qualified electors residing within each school district to be included in the proposed community college district shall be qualified to vote within their respective school districts. The vote necessary to authorize the formation of a community college district shall be a majority of the votes cast in *each* school district. In the event that a majority vote *in one or more such school districts* does not favor the establishment of such community college districts, another election shall be held before such community college district is established." (Emphasis supplied.)

The results of the election showed the vote in several of the affected school districts rejected the proposal to create the community college district. Notwithstanding these adverse votes, action was brought under the title "Casper Community College District, State of Wyoming, a body corporate, vs. Natrona County High School District, a body corporate in which a judgment was sought declaring a community college district was established by

the election; that a 2½ mill tax was authorized; that seven trustees were duly elected trustees; that the "Casper Community College District" has the power and authority to acquire the campus, college buildings, and related facilities then held by the Natrona County High School District and to assume and discharge the bonded indebtedness of the Natrona County High School District applicable to the cost of construction of said buildings and facilities; that the Natrona County High School District has the power and authority to transfer said property and debt to the community college district; and that the Casper Community College District has a separate 2 percent bonding indebtedness capacity under § 21–449(m), W.S.1957, and is therefore not a school district and is not subect to the limitations of Art. 16, § 5, Wyoming Constitution.

The district court, as requested, gave specific answers to each matter submitted and declared: the Casper Community College was created; seven of the candidates were elected as its trustees; the Casper Community College District is a subdivision of Natrona County, Wyoming, and has authority to create indebtedness not exceeding 2 percent on the assessed value of the taxable property in its district, separate and apart from the limitation of school districts' authority to create indebtedness up to 10 percent as specified in Art. 16, § 5, Wyoming Constitution; that this 2 percent debt limit is not a part of and is not included in the 10 percent limitation placed upon the debt authority of school districts, but is separate and apart therefrom; that § 21–449(m), is constitutional; that there is no statutory or other authority authorizing conveyance by the Natrona County High School District of the real property, buildings, and facilities comprising or pertaining to its (junior) college, and there is no statute providing that title to such property passes by operation of law to the newly formed district, and, therefore, title remains vested in Natrona County High School District; that there is no authority for Casper Community College District assuming and agreeing to pay the unpaid portion of such general obligation bonds of Natrona County High School District or the indebtedness evidenced thereby; and that Casper Community College District has authority to construct student dormitories and dining halls and to finance the same by issuance of revenue bonds payable, both principal and interest, out of a special fund containing the net revenues derived from operation of such dormitories and halls, without submission to vote of electors, and the district may pledge to such special fund other future unpledged revenues other than tax revenues and pledges of the district's general credit.

Both litigants appeal from findings adverse to them.

Although there is set forth in some detail the questions submitted to the trial court and the specific holdings of that court, all that becomes necessary for disposition here, upon the appeals taken, is the first and primary question, i. e., Has the titled "Casper Community College District" been created and established?

Section 21–446(e), following, is completely determinative of that question:

"Such election shall be held to determine the question of establishing the community college district, as described in the petition, providing for the levy of a tax not to exceed two and one-half (2½) mills on the dollars of assessed valuation, and the election of the community college district board. Only qualified electors residing within each school district to be included in the proposed community college district shall be qualified to vote within their respective school districts. The vote necessary to authorize the formation of a community college district shall be a majority of the votes cast in each school district. In the event that a majority vote in one or more such school districts does not favor the establishment of such community college districts, another election shall be held

before such community college district is established."

 The record shows that those electors qualified to vote upon the proposal to create a community college district resided in either School District 2, 3, 4, 6, 7, 9, 11, or 16. Of those so qualified, the property owners in School Districts 3, 9, and 16 voted against the proposal; the non-property owners in School District 7 also voted against the proposal, and in School District 11 the vote was a tie. The wording of the statute is plain, unambiguous and unequivocal, "In the event that a majority vote *in one or more such school districts* does not favor the establishment of such community college districts, another election shall be held before such community college district is established." (Emphasis supplied.) The proposal stood defeated at the election. There is no Casper Community College District and a nonexistent body can have no rights or authorities under the constitution or laws of this or any other jurisdiction.

The order, findings, and judgment of the district court are reversed.

Reversed.